UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MARYURIS NARANJO TOLOZA AND
INGRID JOHANA RINCONES TORRES,

        Plaintiffs,

vs.

JOHN HASAN RUIZ a/k/a JOHN H. RUIZ,
CHRISTINE MARIE LUGO, LA LEY CON
JOHN H. RUIZ, P.A. d/b/a MSP RECOVERY
LAW FIRM, and 620 ARVIDA HOLDINGS
LLC.,

        Defendants.
_____/

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS, UNPAID WAGES, UNPAID FLORIDA MINIMUM WAGES/ RETALIATION/RETALIATORY DISCHARGE UNDER 29 USC 215(A)(3) AND OTHER DISCRIMINATION PURSUANT TO 29 U.S.C. 215(A)(3) AND F.S. 448.10**

Plaintiffs, MARYURIS NARANJO TOLOZA and INGRID JOHANA RINCONES TORRES, through undersigned counsel, file this Complaint against Defendants JOHN HASAN RUIZ a/k/a JOHN H. RUIZ, CHRISTINE MARIE LUGO, LA LEY CON JOHN H. RUIZ, P.A. d/b/a MSP RECOVERY LAW FIRM, and 620 ARVIDA HOLDINGS LLC., and allege:

## JURISDICTION AND VENUE

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216 and the Florida Minimum Wage Act found at F.S. 448.10.

2. The Plaintiff, MARYURIS NARANJO TOLOZA (hereinafter "TOLOZA) was a resident of South Florida at the time the dispute arose and is *sui juris*.

3. The Plaintiff, INGRID JOHANA RINCONES TORRES (hereinafter "TORRES") was a resident of South Florida at the time the dispute arose and is *sui juris*.

4. The Defendant, 620 ARVIDA HOLDINGS LLC. (hereinafter "ARVIDA") is a Florida LLC., that regularly transacts business within the Southern District of Florida, including Miami-Dade County. Upon information and belief, Defendant LLC. paid Plaintiffs TOLOZA and TORRES and was an FLSA employer for Plaintiff TOLOZA'S and Plaintiff TORRES' respective periods of employment ("the relevant time period").

5. Plaintiff TOLOZA was also paid through another LLC. named 80 LEUCANDENDRA HOLDINGS, LLC.[1] which was owned by or had Defendant JOHN HASAN RUIZ as its managing member for part of the relevant time period stated herein.

6. The Defendant, JOHN HASAN RUIZ a/k/a JOHN H. RUIZ ("hereinafter RUIZ"), is a managing partner and/or owner of Defendant ARVIDA. and upon information and belief, was a managing partner and/or owner of 80 LEUCANDENDRA HOLDINGS, LLC. and ran the day-to-day operations of Defendant ARVIDA and 80 LEUCANDENDRA HOLDINGS LLC., for the relevant time period. Defendant RUIZ controlled each Plaintiff's work and schedule, hired and fired the Plaintiff TOLOZA, paid the Plaintiffs and/or caused each Plaintiff to be paid through LLC. entities named herein and was, therefore, each Plaintiff's employer for the relevant time period that each Plaintiff worked for Defendants RUIZ and ARVIDA, as defined by 29 U.S.C. § 203 (d). Each Plaintiff was financially and economically dependent on RUIZ for the relevant time period stated.

7. Defendant RUIZ is also the owner and President of Defendant LA LEY CON JOHN H. RUIZ, P.A. d/b/a MSP RECOVERY LAW FIRM (hereinafter "MSP") that does business in South Florida.

---

[1] This Entity, which cannot be located after a search of entity records in Florida, appears to have been opened exclusively for an investment home that Defendant RUIZ sold prior to a "discrete billionaire" years ago.

8. All acts detailed in Counts VI and VII herein occurred in the course and scope of RUIZ's and LUGO'S employment with MSP.

9. The Defendant RUIZ is a Florida attorney who resides in South Florida, participated in drafting and filing a State Court Complaint against the undersigned and Firm and Plaintiffs in order to discourage the Plaintiffs from claiming their overtime and/or minimum wages and to transparently attempt to prevent the undersigned and Firm from legally representing Plaintiffs herein which violates both Federal and State anti-discrimination laws as fully described herein.

10. The Defendant CHRISTINE MARIE LUGO (hereinafter "LUGO"), is a Florida attorney who resides in South Florida, participated in drafting and filing a State Court Complaint against the undersigned and Firm and Plaintiffs in order to discourage the Plaintiffs from claiming their overtime and/or minimum wages and to transparently attempt to prevent the undersigned and Firm from legally representing Plaintiffs herein which violates both Federal and State anti-discrimination laws as fully described herein.

11. Venue is proper in this Court because the Plaintiffs were residents of the Southern District of Florida, at the time the dispute arose, all the Defendants resided in and did business in the Southern District of Florida at the time the dispute arose, and each Plaintiff's work occurred in the Southern District of Florida as described herein.

12. The acts and/or omissions giving rise to this complaint arose in the Southern District of Florida.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATIONS AGAINST DEFENDANTS JOHN HASAN RUIZ AND 620 ARVIDA HOLDINGS, LLC, JOINTLY AND SEVERALLY

COMES NOW PLAINTIFF TOLOZA, through Counsel, and re-adopts any factual and jurisdictional statements in the paragraphs 1-12 as though fully set forth herein and further states:

13. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

14. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one- and one-half times the employee's regular rate…."

15. Plaintiff, TOLOZA worked as a domestic employee for Defendants from on or about October/November/November 2021 to March 29, 2024, when fired her.

16. C.F.R. § 552.3 states "The term *domestic service employment* means services of a household nature performed by an employee in or about a private home (permanent or temporary). The term includes services performed by employees such as companions, babysitters, cooks, waiters, butlers, valets, maids, housekeepers, nannies, nurses, janitors, laundresses, caretakers, handymen, gardeners, home health aides, personal care aides, and chauffeurs of automobiles for family use. This listing is illustrative and not exhaustive."

17. 29 U.S.C. 202 (a) states "[t]hat Congress further finds that the employment of persons in domestic service in households affects commerce."

18. Plaintiff TOLOZA was employed by Defendants RUIZ and ARVIDA as a domestic employee in Defendant RUIZ's residence and another residence and therefore, Plaintiff TOLOZA's work for Defendants RUIZ and ARVIDA is covered under the Fair Labor Standards Act. TOLAZA did not live on RUIZ's property for the time period referenced herein.

19. Between the period of on or about October/November/November 2021, through to on or about January 25, 2024, Plaintiff TOLOZA worked an average of 65.5 hours every other week.

20. Between the period of on or about October/November/November 2021 through to on or about January 25, 2024, Plaintiff TOLOZA was paid a weekly salary of $800.00 per week for

twenty-six (26) hours per week, although her paystubs reflect that she worked forty (40) hours. Plaintiff TOLOZA also received an additional payment in cash in the amount of $150.00 every other week when she worked 65.5 hours, which includes the weekend work.

21. Said payment of $800.00 per week consisted of Plaintiff TOLOZA working two (2) days per week at Defendant RUIZ's residence and two (2) days per week at Defendant RUIZ's father's residence as a housekeeper.

22. Every other weekend during the period of approximately October/November 2021 through to on or about January 25, 2024, Plaintiff TOLOZA worked an additional thirty-nine and a half (39.5) hours at Defendant RUIZ's father's home doing general housekeeping, tending to Defendant RUIZ's father round the clock, and also tending to the family on their regular Sunday visits to Defendant RUIZ's father's residence.

23. Every other weekend during the period of approximately October/November through to on or about January 25, 2024, that Plaintiff TOLOZA worked an additional thirty-nine and a half (39.5) hours and Plaintiff did not regularly get 5 hours of uninterrupted sleep. There was, during said time period, no agreement in place regarding time spent sleeping. Plaintiff TOLOZA, therefore, claims all hours as hours worked during said time period in accordance with the provisions of 29 CFR 785.22(a) and 29 CFR 785.22(b).

24. For at least the first year of Plaintiff TOLOZA's employment, Defendant RUIZ directly paid Plaintiff TOLOZA the additional cash payment of $150.00 every other week, until she began receiving the $150.00 payment from "Rodolfo" who was the personal assistant to Defendant RUIZ's father.

25. When dividing Plaintiff TOLOZA's weekly salary of $800.00 paid via payroll check by the 26 regular hours worked from Monday to Thursday, Plaintiff TOLOZA's regular hourly rate

was $30.77/hr. with a corresponding overtime rate of $46.16/hr.

26. Therefore, every other week that Plaintiff TOLOZA worked 65.5 hours, including the weekend work, she should have received $2,407.86, but she only received $950.00. Therefore, Plaintiff TOLOZA is owed approximately $1,457.86 for every other week she worked 65.5 hours during the time period alleged herein. Of the $1,457.86, approximately $1,177.08 is for unpaid overtime wages consisting of 25.5 overtime hours at a rate of $46.16/hr.

27. Said non-payment of Plaintiff TOLOZA's overtime wages is a violation of the Fair Labor Standards Act as she received inadequate overtime pay for the 25.5 overtime hours worked every other week as described herein.

28. Defendants RUIZ and ARVIDA willfully and intentionally refused to pay Plaintiff TOLOZA her overtime wages as required by the Fair Labor Standards Act as Defendants RUIZ and ARVIDA knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants RUIZ and ARVIDA payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff TOLOZA these wages since the commencement of Plaintiff TOLOZA's employment with Defendants RUIZ and ARVIDA for the time period specified above.

**Wherefore**, Plaintiff TOLOZA requests double damages and reasonable attorney fees from Defendants RUIZ and ARVIDA, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff TOLOZA's entire employment period with Defendants RUIZ and ARVIDA or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *Plaintiff TOLOZA requests a trial by jury.*

**COUNT II: TOLOZA'S CLAIM FOR UNPAID WAGES PURSUANT F.S. § 448.08 AGAINST DEFENDANTS JOHN HASAN RUIZ AND 620 ARVIDA HOLDINGS, LLC,**

**JOINTLY AND SEVERALLY**

COMES NOW PLAINTIFF TOLOZA, through Counsel, and re-adopts any factual and jurisdictional statements in paragraphs 1-28 above and further states:

29. This Court has jurisdiction for Plaintiff TOLOZA's unpaid wage claim, pursuant to F.S. § 448.08.

30. Plaintiff TOLOZA had an oral contract for employment with Defendants RUIZ and ARVIDA and Defendants RUIZ and ARVIDA verbally agreed to pay Plaintiff.

31. Between the period of on or about October/November 2021, through to on or about January 25, 2024, on every other week, Plaintiff TOLOZA worked 65.5 hours, including weekend work.

32. Between the period of on or about October/November 2021 through to on or about January 25, 2024, Plaintiff TOLOZA was paid a weekly salary of $800.00 per week for twenty-six (26) hours per week although her paystubs reflect that she worked forty (40) hours weekly. Plaintiff TOLOZA also received an additional payment in cash in the amount of $150.00 every other week when she worked 65.5 hours, which includes the weekend work.

33. Every other weekend during the period of October/November 2021 through to on or about January 25, 2024, Plaintiff TOLOZA worked an additional thirty-nine and a half (39.5) hours at Defendant RUIZ's father's home doing general housekeeping, tending to Defendant RUIZ's father round the clock, and also tending to the family on their regular Sunday visits to Defendant RUIZ's father's residence.

34. Every other weekend during the period of October/November 2021 through to on or about January 25, 2024, that Plaintiff TOLOZA worked an additional thirty-nine and a half (39.5) hours, Plaintiff TOLOZA did not regularly get 5 hours of uninterrupted sleep. There was, during said time period, no agreement in place regarding time spent sleeping. Plaintiff TOLOZA, therefore,

claims all hours as hours worked during said time period in accordance with the provisions of 29 CFR 785.22(a) and 29 CFR 785.22(b).

35. For at least the first year of Plaintiff TOLOZA's employment, Defendant RUIZ directly paid Plaintiff TOLOZA the additional cash payment of $150.00 every other week, until she began receiving the $150.00 payment from "Rodolfo" who was the personal assistant to Defendant RUIZ's father.

36. When dividing Plaintiff TOLOZA's weekly salary of $800.00 paid via payroll check by the 26 regular hours worked from Monday to Thursday, Plaintiff's regular hourly rate was $30.77/hr. with a corresponding overtime rate of $46.16/hr.

37. Therefore, for every other week that Plaintiff TOLOZA worked 65.5 hours, including the weekend work, she should have received $2,407.86, but she only received $950.00. Therefore, Plaintiff TOLOZA is owed approximately $1,457.86 for every other week that she worked 65.5 hours. Of the $1,457.86, approximately $430.78 is for unpaid wages consisting of 14 regular non-overtime hours at a rate of $30.77/hr. for the unpaid wages during the weeks that Plaintiff TOLOZA worked 65.5 hours as described herein.

38. As a result of Defendant RUIZ's and ARVIDA's failure to pay Plaintiff TOLOZA her proper wages, Plaintiff TOLOZA has been damaged.

**Wherefore**, Defendants RUIZ and ARVIDA remain owing Plaintiff TOLOZA these unpaid wages for the time periods set forth above. Plaintiff TOLOZA requests these unpaid wages, and reasonable attorney fees from Defendants RUIZ and ARVIDA, jointly and severally, or as much as allowed by Florida law as cited above, to be proven at the time of trial for all unpaid wages still owing from Plaintiff TOLOZA's employment period with Defendants RUIZ and ARVIDA along with court costs, interest, and any other relief that this Court finds reasonable under the

circumstances. ***Plaintiff TOLOZA requests a trial by jury.***

## COUNT III: PLAINTIFF TORRES' CLAIM FOR UNPAID FLORIDA MINIMUM WAGES PURSUANT TO THE FLSA AND F.S. 448.10 AGAINST JOHN HASAN RUIZ AND 620 ARVIDA HOLDINGS, LLC.

COMES NOW PLAINTIFF TORRES, through Counsel, and re-adopts any factual and jurisdictional statements in paragraphs 1-12 above and further states:

39. This action arises under the laws of the United States.

40. Florida Statute § 448.110 (3) states "Effective May 2, 2005, employers shall pay employees a **minimum wage** at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state **minimum wage** pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." [Fla. Stat. § 448.110 (3)].

41. Florida Statute § 448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

42. C.F.R. § 552.3 states "The term *domestic service employment* means services of a household nature performed by an employee in or about a private home (permanent or temporary). The term includes services performed by employees such as companions, babysitters, cooks, waiters, butlers, valets, maids, housekeepers, nannies, nurses, janitors, laundresses, caretakers, handymen, gardeners, home health aides, personal care aides, and chauffeurs of automobiles for family use. This listing is illustrative and not exhaustive."

43. 29 U.S.C. 202 (a) states "[t]hat Congress further finds that the employment of persons in domestic service in households affects commerce."

44. Plaintiff TORRES was employed by Defendants RUIZ and ARVIDA as a domestic service employee and therefore Plaintiff TORRES' work for Defendants RUIZ and ARVIDA is covered under the Fair Labor Standards Act.

45. All conditions precedent pursuant to §448.110 have been met by Plaintiff TORRES for her minimum wage claims against Defendants RUIZ and ARVIDA.

46. On May 3, 2024, Plaintiff TORRES initially sent via email the required Florida Minimum Wage Notices to Defendants RUIZ and ARVIDA pursuant to Florida Statute § 448.110(6)(a). *See attached* Exhibit "A."

47. Florida Statute §448.110(6)(b) provides that upon receipt of said Florida Minimum Wage Notice "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." The 15 calendar days expired on May 18, 2024, based on the date Defendants RUIZ and ARVIDA were served via email (and acknowledged the same). As of the date of this filing, the Plaintiff TORRES and Defendants RUIZ and ARVIDA have been unable to resolve said Florida Minimum Wage violation.

48. On January 1, 2020, the Florida minimum wage was increased to $8.56/hr. On January 1, 2021, the Florida minimum wage was increased to $8.65/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

49. Plaintiff TORRES worked as a live-in domestic employee for the Defendants RUIZ and ARVIDA from on or about February 3rd, 2020 through on or about June 30th, 2021.

50. Plaintiff TORRES worked approximately 90 hours weekly for Defendants RUIZ and

ARVIDA from Sunday through Friday from approximately 6:00 a.m. to approximately 9:00 p.m. during this time period.

51. Plaintiff TORRES received a set salary of $600 weekly according to her paystubs which, when divided by 90 hours weekly, yields and hourly rate of $6.67/hr. which was beneath the Federal minimum wage rate of $7.25/hr. and the Florida minimum wage rates of $8.56/hr. and $8.65/hr. for the years 2020 and 2021 respectively.

52. Defendant RUIZ and ARVIDA's wage payment practices to Plaintiff TORRES for the above-mentioned time periods, did not meet the Federal nor the Florida minimum wage law requirements as Plaintiff TORRES was not paid the required Federal nor Florida minimum wage for all hours worked and is, therefore, claiming the difference between the amounts paid to Plaintiff TORRES and the applicable Florida minimum wage for the time periods specified above.

53. Defendants RUIZ and ARVIDA willfully and recklessly failed to pay Plaintiff TORRES the correct minimum wage as required by both Federal and Florida law and recklessly failed to investigate whether their pay practices were in accord with Federal and/or Florida minimum wage laws.

54. As a result of Defendant RUIZ and ARVIDA's failure to pay Plaintiff TORRES her proper minimum wages, Plaintiff TORRES has been damaged.

**Wherefore**, Defendants RUIZ and ARVIDA remain owing Plaintiff TORRES these unpaid minimum wages for the time periods set forth above. Plaintiff TORRES requests these unpaid minimum wages pursuant to the Fair Labor Standards Act and Florida law—whichever is greater, and reasonable attorney fees from Defendants RUIZ and ARVIDA, jointly and severally, to be proven at the time of trial for all unpaid minimum wages still owing from Plaintiff TORRES' employment period with Defendants RUIZ and ARVIDA along with court costs, interest, and any

other relief that this Court finds reasonable under the circumstances. ***Plaintiff TORRES requests a trial by jury.***

### COUNT IV: PLAINTIFF TORRES' CLAIM FOR UNPAID WAGES PURSUANT TO F.S. 448.08 AGAINST JOHN HASAN RUIZ AND 620 ARVIDA HOLDINGS, LLC. (ALTERNATIVE TO COUNT III)

COMES NOW PLAINTIFF, through Counsel, and re-adopts any factual and jurisdictional statements in paragraphs 39-54 above and further states:

55. This Court has jurisdiction for Plaintiff TORRES' unpaid wage claim, pursuant to F.S. § 448.08. This Count IV is plead *in the alternative to Count III* depending on what a jury determines to be Plaintiff TORRES' correct hourly rate.

56. Plaintiff TORRES worked as a live-in domestic employee for the Defendants RUIZ and ARVIDA from on or about February 3rd, 2020, through on or about June 30th, 2021.

57. While Plaintiff TORRES received $600 weekly for her approximate 90 hours of weekly work performed, the payroll detail for her employment indicates that she was paid at an hourly rate of $15/hr. for 40 hours of work weekly.

58. If $15.00/hr. is Plaintiff TORRES' correct hourly rate that is written on her payroll detail, then she is owed an additional 50 hours per week paid at $15.00/hr. for all the weeks that she worked for Defendants RUIZ and ARVIDA as described herein.

59. Defendants RUIZ and ARVIDA willfully and recklessly failed to pay Plaintiff TORRES the correct hourly wage as printed on Defendant RUIZ's and ARVIDA's own payroll register, in derogation of Florida law and recklessly failed to investigate whether their pay practices were in accord with Florida law.

60. As a result of Defendant RUIZ's and ARVIDA's failure to pay Plaintiff TORRES her proper wages, Plaintiff TORRES has been damaged.

**Wherefore**, Defendants RUIZ and ARVIDA remain owing Plaintiff TORRES these unpaid wages for the time periods set forth above. Plaintiff TORRES requests these unpaid wages, and reasonable attorney fees from Defendants RUIZ and ARVIDA, jointly and severally, or as much as allowed by Florida law as cited above, to be proven at the time of trial for all unpaid wages still owing from Plaintiff TORRES' employment period with Defendants RUIZ and ARVIDA along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *Plaintiff TORRES requests a trial by jury.*

## COUNT V: RETALIATION/RETALIATORY DISCHARGE UNDER 29 USC 215(A)(3) AGAINST DEFENDANTS JOHN HASAN RUIZ and 620 ARVIDA HOLDINGS LLC., JOINTLY AND SEVERALLY

COMES NOW PLAINTIFF TOLOZA, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-12 above and further states:

61. On or about March 29, 2024, at 2:19 p.m., Plaintiff TOLOZA asserted a claim for her unpaid overtime wages to the Defendants RUIZ and ARVIDA specifically through the undersigned, via email, including a draft complaint and letter from the undersigned.

62. Shortly thereafter at approximately 4:44 p.m., on the same day, Plaintiff TOLOZA received a phone call from Defendant RUIZ, who immediately terminated her, specifically because Plaintiff TOLOZA had asserted a claim for her unpaid overtime wages against Defendants RUIZ and ARVIDA. Defendant RUIZ later confirmed, by email to the undersigned, that Plaintiff TOLOZA was fired on the date described above.

63. Defendant RUIZ's and ARVIDA's motivating factor (as evidenced by the close temporal proximity between Plaintiff TOLOZA's demand for her unpaid overtime wages and her immediate termination thereafter) was Plaintiff TOLOZA's act of asserting a claim for overtime wages.

64. The termination as discussed above, is in direct violation of 29 U.S.C. 215 (a)(3),

because the motivating factor was Plaintiff TOLOZA's demand for her legally mandated overtime wages and, as a result, Plaintiff TOLOZA has been damaged.

**Wherefore** Plaintiff TOLOZA requests judgment against Defendants RUIZ and ARVIDA, jointly and severally, attorney's fees, costs, interest, back wages and double or liquidated back wages from the date of the discharge up to and including the date of trial, reinstatement, promotion and injunctive relief prohibiting the Defendants RUIZ and ARVIDA from discriminating in the manner described above, damages for emotional distress, humiliation, and pain and suffering, front wages until the Plaintiff TOLOZA reaches the age of 65 and all other damages recoverable by law.

*Plaintiff TOLOZA requests a trial by jury.*

### COUNT VI: RETALIATION UNDER 29 USC 215(A)(3) AGAINST DEFENDANTS JOHN HASAN RUIZ, CHRISTINE MARIA LUGO, LA LEY CON JOHN H. RUIZ, P.A. d/b/a MSP RECOVERY LAW FIRM and 620 ARVIDA HOLDINGS LLC, JOINTLY AND SEVERALLY

COME NOW PLAINTIFFS TOLOZA AND TORRES, through Counsel, and re-adopt any factual and jurisdictional statements in paragraphs 1-12 above and further state:

65. On or about March 29, 2024, at 2:19 p.m., Plaintiff TOLOZA asserted a claim for her unpaid overtime wages to the Defendants RUIZ and ARVIDA, specifically through the undersigned, via email, including a draft complaint and letter from the undersigned.

66. Shortly thereafter at approximately 4:44 p.m., on the same day, Plaintiff TOLOZA received a phone call from Defendant RUIZ, who immediately terminated her, specifically because Plaintiff TOLOZA had asserted a claim for her unpaid overtime wages to Defendants RUIZ and ARVIDA. Defendant RUIZ confirmed, by email to the undersigned, that Plaintiff TOLOZA was fired on the date described above.

67. Defendant RUIZ and ARVIDA's motivating factor (as evidenced by the close temporal proximity between Plaintiff TOLOZA's demand for her unpaid overtime wages and her immediate

termination thereafter) was Plaintiff TOLOZA's act of asserting a claim for overtime wages.

68. The termination as discussed above, is in direct violation of 29 U.S.C. 215 (a)(3), because the motivating factor was Plaintiff TOLOZA's demand for her legally mandated overtime wages and, as a result, Plaintiff TOLOZA has been damaged.

69. As urged by the 11th Circuit Court of Appeals when an attorney is a defendant to a case for overtime wages brought pursuant to the FLSA, the undersigned contacted, on Plaintiff TOLOZA's behalf, Defendant RUIZ several times pre-suit to offer and encourage a pre-suit mediation in hopes of resolving all of Plaintiff TOLOZA's claims against him and Defendant ARVIDA. A formal written proffer with known FLSA knowledgeable mediators was sent to Defendant RUIZ on April 5th, 2024. Later, on April 12th, due to Defendant RUIZ's professed limited availability, pre-suit mediation was scheduled to occur with Mediator Neil Flaxman on May 21st, 2024.

70. On May 3rd, 2024, Plaintiff TORRES, through the undersigned's office, sent a pre-suit/statutory Florida Minimum Wage letter to Defendant RUIZ demanding Plaintiff TORRES' unpaid minimum wages pursuant to FS 448.10 and pursuant to the federal minimum wage provision of the FLSA.

71. Defendant RUIZ agreed to include Plaintiff TORRES in the May 21st, 2024 mediation after he received her pre-suit demand for minimum wages.

72. On May 20th, 2024, at approximately 4:00 p.m. in the afternoon, Defendants RUIZ and LUGO emailed the undersigned a Dade County Circuit Court Complaint (hereinafter "STATE COMPLAINT"), filed against Plaintiffs TORRES, TOLOZA, and the undersigned counsel for the Plaintiffs and insisted that the pre-suit mediation must be cancelled since the Defendants (RUIZ and ARVIDA) would only be demanding money—not offering money to resolve the Plaintiffs'

wage claims. See attached as Exhibit B, the STATE COMPLAINT filed on April 20, 2024.

73. The STATE COMPLAINT is a "Class Action Complaint" against the undersigned attorney and Firm and falsely, unethically, and vindictively accuses the undersigned of fraud, crimes, and an onslaught of concocted illegal activity. Defendant RUIZ and Defendant LUGO have maliciously fabricated all of the allegations of wrongdoing, fraud, and criminal activity against the undersigned and his Law Firm.

74. Defendant RUIZ was found to be guilty, in THE FLORIDA BAR vs. JOHN HASAN RUIZ, Supreme Court Case No. SC11-1011; Florida Bar File No. 2010-70,045(11E), for conduct prejudicial to the administration of justice which mirrors what Defendant RUIZ has done by filing and fabricating the STATE COMPLAINT against the undersigned and the Plaintiffs herein.

75. The STATE COMPLAINT is violative of the Florida Bar Rules as Defendants RUIZ and LUGO have falsely and vexatiously accused the undersigned of concocted crimes and other illegal and unethical activity and have engaged in conduct prejudicial to the administration of justice.

76. Likewise, the STATE COMPLAINT falsely and vindictively accuses the Plaintiffs of theft, civil conspiracy, conversion, and an onslaught of fabricated lies.

77. The STATE COMPLAINT was filed to discourage the Plaintiffs from claiming their overtime and/or minimum wages and/or asserting their other related legal rights against Defendants RUIZ and ARVIDA.

78. The STATE COMPLAINT was filed by Defendants RUIZ and LUGO in a transparent attempt to prevent the undersigned from representing the Plaintiffs as their legal Counsel herein.

79. The STATE COMPLAINT was filed with retaliatory motive and lacked a reasonable basis in fact and/or law.

80. All of the actions, isolated and/or combined, taken by all the Defendants and their counsel discussed above have transpired with the ill and wrongful intent to discourage Plaintiffs from pursuing their overtime, minimum wage, and/or related wage/retaliation claims.

81. All of the actions taken by all the Defendants and their Counsel, isolated and/or combined, would dissuade a reasonable worker from making or supporting a charge of overtime and/or minimum wage violations against her employer(s).

82. All of the actions taken by Defendants' Counsel stated herein, isolated and/or combined, were authorized by Defendant ARVIDA—owned and managed by Defendant RUIZ - in order to dissuade Plaintiffs from making or supporting a charge of overtime and/or minimum wage and/or related violations against their employer(s).

**Wherefore,** Plaintiff TOLOZA requests judgment against Defendants, jointly and severally, attorney's fees, costs, interest, back wages and double or liquidated back wages from the date of the discharge up to and including the date of trial, reinstatement, promotion, and injunctive relief prohibiting all the Defendants from discriminating in the manner described above. Both Plaintiffs, TOLOZA and TORRES request attorney's fees and costs incurred herein, damages for emotional distress, humiliation, and pain and suffering, Plaintiff TOLOZA additionally requests front wages until the she reaches the age of 65 and all other damages and equitable relief recoverable by law.

*The Plaintiffs requests a trial by jury.*

### COUNT VII: RETALIATION UNDER F.S. 448.110 AGAINST DEFENDANTS JOHN HASAN RUIZ, CHRISTINE MARIA LUGO, LA LEY CON JOHN H. RUIZ, P.A. d/b/a MSP RECOVERY LAW FIRM and 620 ARVIDA HOLDINGS LLC, JOINTLY AND SEVERALLY

COMES NOW PLAINTIFF TORRES, through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-12 above and further state:

83. F.S. 448.110 (5) states "It shall be unlawful for an employer or any other party to

discriminate in any manner or take adverse action against any person in retaliation for exercising rights protected pursuant to s. 24, Art. X of the State Constitution. Rights protected include, but are not limited to, the right to file a complaint or inform any person of his or her potential rights pursuant to s. 24, Art. X of the State Constitution and to assist him or her in asserting such rights."

84. On May 3rd, 2024, Plaintiff TORRES, through the undersigned's office, sent a pre-suit/ statutory Florida Minimum Wage letter to Defendant RUIZ and ARVIDA demanding Plaintiff TORRES' unpaid minimum wages pursuant to FS 448.10 and pursuant to the federal minimum wage provision of the FLSA.

85. Defendant RUIZ agreed to include Plaintiff TORRES in the May 21st mediation after he received her pre-suit/statutory demand for minimum wages.

86. On May 20th, 2024, at approximately 4:00 p.m. in the afternoon, Defendants RUIZ and LUGO emailed the undersigned the STATE COMPLAINT, filed against Plaintiffs TORRES, TOLOZA and the undersigned counsel and Firm for the Plaintiffs and insisted that the pre-suit mediation must be cancelled since the Defendants RUIZ and ARVIDA would only be demanding money—not offering money to resolve the Plaintiffs' wage claims. See attached as Exhibit B, the STATE COMPLAINT filed on April 20, 2024.

87. The STATE COMPLAINT is a "Class Action Complaint" against the undersigned attorney and Firm and falsely, unethically, and vindictively accuses the undersigned of fraud, crimes, and an onslaught of concocted illegal activity. Defendant RUIZ and LUGO have maliciously fabricated all of the allegations of wrongdoing, fraud, and criminal activity against the undersigned and his Law Firm and the Plaintiffs herein.

88. Defendant RUIZ was found to be guilty, in THE FLORIDA BAR vs. JOHN HASAN RUIZ, Supreme Court Case No. SC11-1011; Florida Bar File No. 2010-70,045(11E), for conduct

prejudicial to the administration of justice which mirrors what Defendant RUIZ has done by filing and fabricating the STATE COMPLAINT against the undersigned and the Plaintiffs herein.

89. The STATE COMPLAINT is violative of the Florida Bar Rules as Defendants RUIZ and LUGO have falsely and vexatiously accused the undersigned of concocted crimes and other illegal and unethical activity and have engaged in conduct prejudicial to the administration of justice.

90. Likewise, the STATE COMPLAINT falsely and vindictively accuses the Plaintiffs of theft, civil conspiracy, conversion, and an onslaught of fabricated lies.

91. The STATE COMPLAINT was filed to discourage the Plaintiffs from claiming their overtime and/or minimum wages and/or asserting their other related legal rights against Defendants RUIZ and ARVIDA.

92. The STATE COMPLAINT was filed by Defendants RUIZ and LUGO in a transparent attempt to prevent the undersigned from representing the Plaintiffs as their legal Counsel herein.

93. The STATE COMPLAINT was filed with retaliatory motive and lacked a reasonable basis in fact and/or law.

94. All of the actions, isolated and/or combined, taken by all the Defendants and their counsel discussed above have transpired with the ill and wrongful intent to discourage Plaintiff TORRES from pursuing her minimum wage claims.

95. All of the actions taken by all the Defendants and their Counsel, isolated and/or combined, would dissuade a reasonable worker from making or supporting a charge of minimum wage violations against her employer(s).

96. All of the actions taken by Defendants' Counsel stated herein, isolated and/or combined, were authorized by Defendant ARVIDA—owned and managed by Defendant RUIZ- in order to

dissuade Plaintiff TORRES from making or supporting a charge of minimum wage violations and/or related violations against her employer(s).

**Wherefore,** Plaintiff TORRES requests judgment against Defendants, jointly and severally, attorney's fees, costs, interest, and injunctive relief prohibiting the Defendants from discriminating in the manner described above; Plaintiff TORRES requests attorney's fees and costs incurred herein, damages for emotional distress, humiliation, and pain and suffering and all other damages and equitable relief recoverable by law.  ***Plaintiff TORRES requests a trial by jury.***

Respectfully Submitted,

Jamie H. Zidell, Esq.
J.H. ZIDELL, P.A.
ATTORNEY FOR PLAINTIFF
300 71ST STREET, #605
MIAMI BEACH, FL 33141
PH: 305-865-6766
FAX: 305-865-7167
EMAIL: ZABOGADO@AOL.COM
FLORIDA BAR NO.  0010121

BY:___/s/ *Jamie H. Zidell*_____
Jamie H. Zidell