UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-22033-CIV-ALTONAGA/Reid

**MARYURIS NARANJO TOLOZA**, *et al.*,

    Plaintiffs,
v.

**JOHN HASAN RUIZ**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendants, John Hasan Ruiz; La Ley Con John H. Ruiz, P.A. ("La Ley"); and 620 Arvida Holdings LLC's ("620 Arvida['s]") Joint Motion to Dismiss [ECF No. 36], filed on July 3, 2024. Plaintiffs, Maryuris Naranjo Toloza and Ingrid Johana Rincones Torres, filed a Response in Opposition [ECF No. 39]; to which Defendants filed a Reply [ECF No. 50]. The Court has carefully considered the record, the parties' written submissions, and applicable law. For the following reasons, the Motion is granted in part and denied in part.

### I.  BACKGROUND

This dispute arises from Plaintiffs' purported employment relationship with Defendants Ruiz and 620 Arvida. (*See* First Am. Compl. ("FAC") [ECF No. 20] ¶¶ 4–6). Aptly named Defendant, 620 Arvida "manages the property that is located at: 620 Arvida Parkway, Coral Gables, FL 33156[.]" (Mot. 1 (alteration added)). Ruiz, an attorney with his own law firm, Defendant, La Ley, "is a managing partner and/or owner" of 620 Arvida. (FAC ¶¶ 6–7, 9). Plaintiff Toloza "worked as a domestic live-out employee for Defendants [Ruiz and 620 Arvida] from on or about October/November 2021 to March 29, 2024[.]" (*Id.* ¶ 15 (alteration added)).

Plaintiff Torres "worked as a live-in domestic employee for [] Defendants Ruiz and Arvida from on or about February 3rd, 2020 through on or about June 30th, 2021." (*Id.* ¶ 51 (alteration added)).

Plaintiffs allege they are owed unpaid minimum wages under Florida law; Toloza alleges she is owed overtime wages under federal law; Torres also brings a federal wage claim. (*See id.* ¶¶ 13–64). Ruiz allegedly "controlled each Plaintiff's work and schedule, hired and fired [] Toloza, paid [] Plaintiffs and/or caused each Plaintiff to be paid through LLC[] entities . . . and was, therefore, each Plaintiff's employer for the relevant time period that each Plaintiff worked for Defendants[.]" (*Id.* ¶ 6 (alterations added)).

Plaintiffs' counsel sent notice of Toloza's claims to Ruiz and 620 Arvida on March 29, 2024. (*See id.* ¶ 65). Later that same day, Ruiz terminated Toloza's employment. (*See id.* ¶ 66). Plaintiffs' counsel sent notice of Torres's claims on May 3, 2024. (*See id.* ¶ 73). The parties agreed to mediate the claims on May 21, 2024. (*See id.* ¶¶ 72, 74). Defendants canceled the mediation the night before and instead filed a class action complaint in state court against Plaintiffs and their counsel (the "State Action"). (*See id.* ¶ 75). Toloza's termination and the State Action were both allegedly retaliatory actions in response to Plaintiffs' claims. (*See id.* ¶¶ 65–99).

In all, Plaintiffs bring seven claims for relief: Count I: Toloza's federal overtime wage violations against Defendants Ruiz and 620 Arvida, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 201–09 (*see* FAC ¶¶ 13–29); Count II: Toloza's claim for unpaid wages under Florida Statute section 448.08 against Ruiz and 620 Arvida (*see id.* ¶¶ 30–40); Count III: Torres' FLSA claim and claim under Florida Statute section 448.110, both for unpaid minimum wages against Ruiz and 620 Arvida (*see id.* ¶¶ 41–57); Count IV: in the alternative, Torres' claim for unpaid wages under Florida Statute section 448.08 against Ruiz and 620 Arvida (*see id.* ¶¶ 58–64); Count V: Toloza's retaliatory discharge claim against Ruiz and 620 Arvida under 29 U.S.C.

section 215(A)(3) (*see id.* ¶¶ 65–68); Count VI: Toloza and Torres' claims of retaliation under 29 U.S.C. section 215(A)(3) against Ruiz, La Ley, and 620 Arvida (*see id.* ¶¶ 69–85); and Count VII: Torres' retaliation claim under Florida Statute section 448.08 against Ruiz, La Ley, and 620 Arvida (*see id.* ¶¶ 86–99).[1]

Defendants challenge the claims. They argue much of the time Plaintiffs include in their wage calculations was spent working for Ruiz's elderly father, not Ruiz or 620 Arvida, so Plaintiffs did not actually work a full work week for the same employer. (*See* Mot. 2–5).[2] Defendants further contend Toloza was fired based on poor performance and accusations of theft, not as retaliation. (*See id.* 2–4). Defendants now seek dismissal of all counts, raising a variety of subject matter jurisdiction, standing, and sufficiency-of-the-pleading arguments. (*See generally* Mot.).

## II. STANDARDS

***Rule 12(b)(1).*** "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is presumed that a federal court lacks jurisdiction in a case until the party asserting a claim demonstrates the court has jurisdiction over the subject matter. *See id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be either facial or factual. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). Where a party raises a factual attack, as Defendants do here (*see generally* Mot.), it "challenges

---

[1] Counts VI and VII were originally also brought against Christine Lugo, an attorney with La Ley. (*See* FAC ¶¶ 10, 69–99). Plaintiffs voluntarily dismissed the claims against Lugo on July 2, 2024. (*See* Notice of Voluntary Dismissal . . . [ECF No. 33]).

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered[,]" *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (alteration added; citation omitted). The party asserting a claim bears the burden of proving that jurisdiction is proper. *See id.*

**Standing.** Standing to bring suit is a necessary component of subject matter jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992). To satisfy standing, a party asserting a claim "must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citation omitted). If a plaintiff lacks standing, the Court does not have subject-matter jurisdiction over the case. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam).

**Rule 12(b)(6).** "To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added; quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-[petitioner]-unlawfully-harmed-me accusation." *Id*. (alterations added; quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (alteration added; citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (alteration added; citing *Twombly*, 550 U.S. at 556).

To meet this "plausibility standard," the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (alteration added; citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take its factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

### III. DISCUSSION

Defendants present a variety of arguments as to why the Court should dismiss the Amended Complaint. They first argue the case must be dismissed because Plaintiffs lack standing to raise their federal claims, and the Court should not exercise supplemental jurisdiction over the state law claims. (*See* Mot. 8–12).[3] Next, Defendants contend three of Plaintiffs' unpaid wages claims, Counts I–III, must be dismissed for failure to state claims for relief. (*See id.* 14–21, 22–25). Defendants turn to a statute of limitations defense, arguing Counts I–IV are time-barred. (*See id.* 21–22, 24–25). Defendants argue the retaliation claims, Counts V–VII, also must be dismissed

---

[3] Defendants also make the argument that the Amended Complaint should be dismissed because Plaintiffs failed to bring the claims as compulsory counterclaims in the State Action. (*See id.* 12–13). This argument is not deserving of further consideration.

for failure to state claims for relief (*see id.* 25–31); and moreover, they are barred by Florida's litigation privilege (*see id.* 32–33).

### A. Arguments Pertaining to All Counts: Standing and Subject Matter Jurisdiction

In their Motion, Defendants contend the Court lacks jurisdiction and Plaintiffs lack standing because Plaintiffs cannot establish that the FLSA claims are directly tied to Ruiz as their employer. (*See* Mot. 8–9). In support of this contention, Defendants attach several declarations and payroll documents. (*See id.*, Exs. A–I [ECF Nos. 36-1 to 36-9]). Plaintiffs vigorously contest this assertion, insisting they were "economically dependent on Ruiz and 620 Arvida for [their] entire employment period[s]." (Resp. 9 (alterations added); *see also id.* 10–11; FAC ¶ 6).

"The determination of whether an individual is an employer within the meaning of the FLSA is a legal one based on findings of fact." *Rodriguez v. Home Heroes, LLC*, No. 13-cv-2711, 2015 WL 668009, at *3 (M.D. Fla. Feb. 17, 2015) (citing *Patel v. Wargo*, 803 F.2d 632, 634 (11th Cir. 1986)); *see also Spears v. Bay Inn & Suites Foley, LLC*, 105 F.4th 1315, 1322 (11th Cir. 2024) (Jordan, J. concurring) ("Whether an individual is an employer within the meaning of the FLSA is ultimately a question of law. But that determination is necessarily based on underlying historical facts[.]" (alteration added)).

Certainly, "[t]he statutory definition of 'employer' is [] broad; it encompasses both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'" *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (alterations added; quoting 29 U.S.C. § 203(e)(1)). The Eleventh Circuit has "accordingly held that the FLSA contemplates that a covered employee may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any person who (1) acts on behalf of that employer

and (2) asserts control over conditions of the employee's employment." *Id.* (citation omitted). Plaintiffs allege Ruiz acted on behalf of both 620 Arvida and his father, and that Ruiz asserted full control over Plaintiffs' employment. (*See* FAC ¶¶ 4–6, 20–24, 46).

The Court "should only rely on Rule 12(b)(1) if the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (alteration adopted; emphasis omitted; citation and quotation marks omitted). "If a jurisdictional challenge does implicate the merits of the underlying claim then[] [t]he proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case[.]" *Id.* (alteration adopted; additional alterations added; citation omitted). Such is the jurisdictional challenge here.

The question of whether Ruiz was Plaintiffs' employer is clearly intertwined with the merits of Plaintiffs' FLSA claims. S*ee Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) (A defendant "cannot be held individually liable for violating . . . the FLSA unless he is an 'employer' within the meaning of the Act." (citations omitted)); *see also Patel,* 803 F.2d at 635 (The FLSA "premises liability on an employer-employee relationship[.]" (alteration added)); *Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 882 (11th Cir. 2008) (holding "the question of enterprise coverage is [] intertwined with the merits of an FLSA claim" (alteration added; footnote call number omitted)). Dismissal under Rule 12(b)(1) is thus inappropriate.

In their Reply, Defendants, for the first time ask the Court to treat their Motion as one for summary judgment. (*See* Reply 3–5). The Court will not do so, given Defendants have failed to comply with Local Rule 56 and, as stated, present their request for a summary judgment in their Reply. "A motion for summary judgment . . . shall [] be accompanied by a separate and

contemporaneously filed and served Statement of Material Facts. The movant's Statement of Material Facts shall list the material facts that the movant contends are not genuinely disputed." Local Rule 56.1(a)(1) (alterations added); *see also id.* at 56.1(b) (listing requirements for statements of material facts, including that statements shall "[c]onsist of separately numbered paragraphs, limited as far as practicable to a single material fact, with each fact supported by specific, pinpoint references to particular parts of record material[.]" (alterations added)). Defendants do not include any such statement with their Motion or Reply.

The Local Rule serves "to make review of summary judgment motions less burdensome on the Court." *Carolina Acquisition, LLC v. Double Billed, LLC*, 627 F. Supp. 2d 1337, 1339 (S.D. Fla. 2009) (citation and quotation marks omitted). The Local Rule is also consistent with determining the appropriateness of summary judgment under the Federal Rules of Civil Procedure. *See Phillips v. City of Dawsonville*, 499 F.3d 1239, 1241 (11th Cir. 2007) ("Summary judgment is appropriate *when no genuine issue of material fact exists* and the moving party is entitled to judgment as a matter of law." (emphasis added; citation omitted)). Both the Court and the litigants are served well by adhering closely to the requirements of both sets of Rules.

In any event, given Plaintiffs' denials of Defendants' claims, and Plaintiffs' own allegations that Ruiz controlled their employment, and that they were dependent on Ruiz for employment, even absent compliance with the Local Rule, there are clear genuine issues of material fact. Additionally, "[s]ummary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1064 (11th Cir. 2013) (alteration added; citing *Anderson*, 477 U.S. at 250 n.5 (1986); Fed. R. Civ. P. 56(d)).

### B. Count-Specific Arguments

The Court turns to Defendants' remaining arguments, which pertain to individual claims, addressing each in turn.

#### 1. *FLSA claims: Counts I and III*

Defendants argue both federal wage violation claims must be dismissed because they fail to state claims for relief and are barred by the statute of limitations. The Court disagrees on both points.

##### a. *Failure to State Claims*

In Count I, Toloza alleges overtime wage violations under the FLSA for her time as "a domestic live-out employee[.]" (FAC ¶ 15 (alteration added); *see also id.* ¶¶ 13–29). In Count III, Torres asserts unpaid minimum wages claims under the FLSA and Florida Statute section 448.110, respectively. (*See id.* ¶¶ 41–57). Setting aside Torres' state-law claims for the moment, Defendants argue neither Plaintiff states a claim. First, Defendants assert Toloza fails to state a claim because she was not employed by Ruiz or 620 Arvida and, even if she was, her "overtime claim [would be] barred by the 'companionship exemption' to the FLSA, which exempts from minimum wage and maximum hours requirements any employees that are 'employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves.'" (Mot. 18 (alteration added; citing 29 U.S.C. § 213(1)[sic](15)); *see also id.* 14–19). Second, Defendants argue Torres' claim fails because she was never Ruiz's employee, and she fails to support her claim. (*See id.* 22–23).

"[T]he requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008) (alteration added). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to

covered employees and/or failure to keep payroll records in accordance with the Act." *Id.* (citing 29 U.S.C. §§ 206, 207, 215(a)(2), 215(a)(5)). "In order to be eligible for FLSA overtime, however, an employee must first demonstrate that [s]he is 'covered' by the FLSA." *Josendis*, 662 F.3d at 1298 (alteration added).

Plaintiffs sufficiently allege an employment relationship. Further, Toloza alleges she is a covered employee under the "live-out" domestic service employee category described in 29 C.F.R. section 552.100. (*See* FAC ¶ 15).

Defendants argue Toloza is exempt from the FLSA, as she was "employed in domestic service employment to provide companionship services for [an] individual[] who (because of age or infirmity) [is] unable to care for [himself]" — namely, Ruiz's father. 29 U.S.C. § 213(a)(15) (alterations added); (*see also* Mot. 18–19). In bringing this argument, Defendants improperly ask the Court to consider matters outside the pleading. Defendants' counsel well knows that the "court's review on a motion to dismiss is limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (citation and quotation marks omitted). Moreover, "[t]o state a case of action under the FLSA, a plaintiff is not required to allege that the Act's exemptions are inapplicable." *Burton v. Hillsborough Cty., Fla.*, 181 F. App'x 829, 839 (11th Cir. 2006) (alteration added).

Turning to Torres, she also states a federal claim. Torres alleges Ruiz and 620 Arvida were her employers. While her allegations are admittedly minimal, she sufficiently alleges Defendants' "failure to pay . . . minimum wages[.]". *Labbe*, 319 F. App'x at 763 (alteration added); (*see* FAC ¶¶ 45–46, 51–52, 55–56). Neither Count I nor Count III is dismissed.

### b. *Statute of Limitations*

Defendants also argue Counts I and III should be dismissed because "the complaint shows on its face that the limitation period has run." (Mot. 21 (quoting *Edward J. Goodman Life Income Tr. v. Jabil Cir., Inc.*, 560 F. Supp. 2d 1221, 1229 (M.D. Fla. 2008); quotation marks omitted)). The FLSA has a two-year statute of limitations unless the violation is willful, in which case the statute of limitations is extended to three years. *See* 29 U.S.C. § 255(a). A claim "accrues on each payday that follows a period for which the employee is underpaid." *Wright v. Waste Pro USA, Inc.*, 69 F.4th 1332, 1335 (11th Cir. 2023) (citation omitted).

If the three-year statute of limitations applies, Plaintiffs' claims are, at least partially, timely. Toloza alleges she was not paid proper overtime wages from October/November 2021 through January 25, 2024. (*See* FAC ¶¶ 19–23, 28). Defendants ask the Court to consider the alleged wages owed to Toloza "from October 2021 through December 31, 2021, and from January 1, 2022, through April 14, 2022" as untimely. (Mot. 22). Even going back to October 2021, however, Toloza's claims are timely if the three-year statute of limitations applies, as suit was filed on May 28, 2024. (*See generally* Compl. [ECF No. 1]).

Torres alleges she was not paid wages for two periods: the first from February 3, 2020 to December 31, 2020; and the second from January 1, 2021 through June 30, 2021. (*See* FAC ¶¶ 51–54). Again, Plaintiffs filed suit in May 2024. (*See generally* Compl.). Torres' 2020 claims are untimely, as they accrued more than three years before. *See* 29 U.S.C. § 255(a); *see also Wright*, 69 F.4th at 1335 (explaining the claim accrues following the last payday the employee was underpaid). For Torres' 2021 claims to be timely under the FLSA, the violations must have been willful. *See* 29 U.S.C. § 255(a).

11

Here, Plaintiffs allege Defendants' violations were willful, and therefore a three-year statute of limitations applies. *See* 29 U.S.C. § 255(a); (*see* FAC ¶¶ 29, 56; Resp. 25–26). Defendants argue Plaintiffs do not present "sufficient evidence that the law was willfully violated" (Mot. 24; *see id.* 22), but the Court does not consider "evidence" on a Rule 12(b)(6) motion, nor are Plaintiffs required to present any. The Court takes Plaintiffs' factual allegations as true. *See Brooks*, 116 F.3d at 1369 (citation omitted). "The willfulness or good faith question is answered first by the jury to determine the period of limitations[.]" *Alvarez Perez*, 515 F.3d at 1162 (alteration added). Plaintiffs' allegations of willful violations — and Defendants' denials — present fact questions inappropriate for resolution on a motion to dismiss. *See id.*

### 2. *State Law Wage Claims: Counts II, III, and IV*

The Court turns to Plaintiffs' state law claims. Defendants contend Plaintiffs cannot state a claim under Florida Statute section 448.08 because these claims are preempted by Plaintiffs' FLSA claims.[4] The Court agrees.

"In FLSA cases . . . [c]ourts are more broadly focused on whether a party duplicates its allegations across a series of Counts pursuant to both state and federal law." *Bell v. 1220 Mgmt. Grp., LLC*, No. 17-cv-22479, 2018 WL 3054795, at *2 (S.D. Fla. June 20, 2018) (alterations adopted; other alterations added; citation and quotation marks omitted); *see also Johnson v. WellPoint, Inc.*, No. 06-cv-2430, 2009 WL 8753325, at *22 (N.D. Ga. Mar. 30, 2009) ("Where a state law claim depends on the finding of a violation of the FLSA and requires the same proof as is required to prove a violation of the FLSA, and the state law claim is only invoked to expand a plaintiff's remedies, the state law claim is preempted by the FLSA." (citation omitted)).

---

[4] Defendants do not challenge Plaintiffs' state retaliation claim on preemption grounds. (*See generally* Mot.; Reply).

CASE NO. 24-22033-CIV-ALTONAGA/Reid

While Toloza argues her state-law wage claim in Count II is not preempted because she seeks unpaid wages in her state-law claim and overtime wages in her FLSA claim, the allegations supporting both claims are nearly identical. (*See* FAC 7 (state law claim readopting all the FLSA claim's "factual . . . statements" (alteration added)). Toloza's state-law claims are thus preempted by the FLSA. *See Bell*, 2018 WL 3054795, at *2. Put simply, "[a] common law claim based on violation of an implied contract concerning overtime [or minimum] wages is preempted by the FLSA." *Volcy v. Rose Mgmt. Props., Inc.*, No. 14-61418-Civ, 2014 WL 12861852, at *3 (S.D. Fla. Aug. 12, 2014) (alterations added; citation omitted); *see also id.* at *2–3 (adopting the reasoning of *Bule v. Garda CL Se., Inc.*, No. 14-21898-Civ, 2014 WL 3501546 (S.D. Fla. July 14, 2014)).

So, too, with Torres. Although Count IV is stated in the alternative (*see* FAC ¶ 58), "pleading such state law claims based on a violation of the FLSA fails as a matter of law." *Volcy*, 2014 WL 12861852 at *2 (citation omitted). Given Count III combines Torres' Florida and federal law claims, her state and FLSA claims are clearly intertwined. (*See* FAC ¶¶ 41–57). As a result, the Motion is granted as to Counts II and IV, and, insofar as Count III addresses state law instead of federal law, the Motion is granted in part.

### 3. Retaliation Claims: Counts V, VI, and VII

Defendants argue all three retaliation claims must be dismissed. Defendants contend Count V (federal law retaliation) is duplicative of Count VI (federal law retaliation); Count VI fails to state a claim for relief; and Counts V, VI, and VII (state law retaliation) are barred by Florida's litigation privilege. (*See* Mot. 25–32).

    *a. Duplicative Counts*

First, Defendants argue Claim V (retaliation under 29 U.S.C. section 215(A)(3) against Ruiz and 620 Arvida brought by Toloza (*see* FAC ¶¶ 69–85) must be dismissed because it is duplicative of Count VI (retaliation under 29 U.S.C. section 215(A)(3) against Ruiz, La Ley, and 620 Arvida brought by both Plaintiffs (*see id.* ¶¶ 86–99)).  Plaintiffs do not respond to this argument in their Response, asserting instead that "[e]ven a cursory comparison between the retaliation provisions of the FLSA [versus Florida Statute section] 448.1[1]0(5) shows that the former and latter are not duplicate [sic]." (Resp. 26 (alterations added)).  This, however, does not respond to the argument Defendants make.  Counts V and VI allege violations of the FLSA retaliation provision, 29 U.S.C. section 215(A)(3); it is Count VII that is brought under the Florida statute.  (*See* FAC ¶¶ 65–99).  And Defendants challenge Count V as duplicative of Count VI.  (*See* Mot. 25).

The Court could grant Defendants' Motion on this point by default.  *See Melford v. Kahane & Assocs.*, 371 F. Supp. 3d 1116, 1126 n.4 (S.D. Fla. 2019) ("Generally, a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point.  The court will not do his research for him." (citations and quotation marks omitted)).  Defendants are also correct on the merits, however.

"Duplicative claims are those that stem from identical allegations, that are decided under identical legal standards, and for which identical relief is available." *Manning v. Carnival Corp.*, No. 12-22258-Civ, 2012 WL 3962997, at *2 (S.D. Fla. Sept. 11, 2012) (citation and quotation marks omitted).  "To promote judicial economy, a court should dismiss claims that are duplicative of other claims." *Id.* (citations and quotation marks omitted).  Counts V and VI are based on

identical allegations, standards, and seek the same relief. (*See* FAC ¶¶ 65–85; *see also id.* 15, 18). Therefore, Count V is dismissed.

### b. *Failure to State a Claim*

Turning to Count VI, Defendants argue it must be dismissed because it fails to state a claim for relief. (*See* Mot. 28–31). To show retaliation under the FLSA, a plaintiff "must demonstrate (1) that she engaged in protected activity under the FLSA; (2) that she subsequently suffered an adverse action by her employer; and (3) that a causal connection existed between the employee's activity and the adverse action." *Ramos v. Hoyle*, No. 08-21809-Civ, 2009 WL 2849093, at *1 (S.D. Fla. May 15, 2009) (citing *Wolf v. Coca–Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000)). Plaintiffs have done so here as to Defendant Ruiz only.

Defendants only contest whether Plaintiffs demonstrate they suffered adverse action by their employers and whether a causal connection exists between their protected activity and the adverse action. (*See* Mot. 26–29). They do not contest whether Plaintiffs undertook a protected activity when they reported the alleged overtime and wage violations. (*See id.* 29).

First, Defendants challenge whether "the filing of the [State] Action Complaint (the alleged adverse action) constitutes an adverse employment action." (Mot. 30 (alteration added)). The Court "agrees with those courts which have found that the assertion of a claim in litigation can constitute an adverse action and unlawful retaliation in violation of the FLSA." *Ramos*, 2009 WL 2849093, at *2 (collecting cases). Plaintiffs assert the State Action "was filed with retaliatory motive and lacked a reasonable basis in fact and/or law." (FAC ¶ 82). That is enough to satisfy their burden of pleading facts showing the filing of the State Action was an adverse action. *See Munroe v. PartsBase, Inc.*, No. 08-80431-Civ, 2009 WL 413721, at *8 (S.D. Fla. Feb. 18, 2009) ("For Plaintiff to prevail on her retaliation claim, she must demonstrate that Defendants' []claims

(1) were filed for a retaliatory motive and (2) lack a reasonable basis in fact or law." (alteration added; collecting cases)).

Second, Defendants argue Plaintiffs cannot show a causal link between Plaintiffs' protected activity and the filing of the State Action. Defendants contend causation cannot be established as to Ruiz and his law firm, La Ley, because they are not parties to the State Action. (*See* Mot. 33; Reply 20).

The Court agrees Plaintiffs fail to show causation as to La Ley. Plaintiffs have alleged no connection to La Ley beyond the filing of the State Action against them. (*See generally* FAC). The protected activity is irrelevant to La Ley, and Plaintiffs do not allege the law firm was connected to their employment. (*See generally* FAC). Dismissal of the firm as is thus appropriate on the retaliation claims, as Plaintiffs have failed to show a causal connection between the protected activity and adverse action taken by the law firm. *See Ramos*, 2009 WL 2849093, at *1.

The same is not true for Ruiz, Plaintiffs' alleged employer. (*See, e.g.*, FAC ¶ 6). Ruiz submitted and signed the State Action complaint mere hours before the parties' planned mediation session regarding the FLSA claims. (*See* Mot. to Stay, Ex. 1, State Action Compl. [ECF No. 31-1 31]; *see also* FAC ¶ 75). "The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (citation omitted) (Title VII case). The two actions are, at least as alleged, "very close." *Id.* (citation and quotation marks omitted).

Plaintiffs sufficiently state a retaliation claim against Ruiz.

    c. *Florida's Litigation Privilege*

Finally, Defendants insist Florida's litigation privilege bars both the federal and state retaliation claims. (*See* Mot. 29–33). The Florida litigation privilege "affords absolute immunity

16

for acts occurring during the course of judicial proceedings." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1274 (11th Cir. 2004). The litigation immunity privilege is an affirmative defense. *See N. Star Cap. Acquisitions, LLC v. Krig*, 611 F. Supp. 2d 1324, 1329 (M.D. Fla. 2009) (citation omitted). Still, it "may be considered in resolving a motion to dismiss when the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action." *Jackson*, 372 F.3d at 1277 (quotation marks and citation omitted).

Not all events related to litigation are protected by the privilege. If the privilege applied to all actions preliminary to or during judicial proceedings, an abuse of process or malicious prosecution claim, for example, would never exist. *See N. Star Cap. Acquisitions, LLC*, 611 F. Supp. 2d at 1330 (citation omitted); *see also Suchite v. Kleppin*, No. 10-21166-Civ, 2011 WL 1814665, at *3 (S.D. Fla. Apr. 29, 2011) (noting the litigation privilege "does not bar abuse of process claims brought based upon actions taken outside the context of the judicial proceeding, such as actions taken before the litigation began or actions extrinsic to the litigation" (citation omitted)).

The Court is "unwilling to apply an absolute litigation privilege to an FLSA retaliation claim." *Suchite v. Kleppin*, 819 F. Supp. 2d 1284, 1293 (S.D. Fla. 2011); *see also id.* at 1292 ("[A] state absolute privilege purporting to confer immunity from suit cannot defeat a federal cause of action." (alteration added; quotation marks and citations omitted)); *see also Hill v. Lazarou Enters., Inc.*, No. 10-61479-Civ, 2011 WL 860526, at *6 (S.D. Fla. Feb. 18, 2011) (Title VII case; "conclud[ing] that the Florida litigation privilege cannot bar the plaintiff's federal [] retaliation claim." (alterations adopted), *report and recommendation adopted*, No. 2011 WL 860475 (S.D. Fla. Mar. 9, 2011). Count VI survives.

The Court also rejects Defendants' arguments regarding the state law retaliation claim in Count VII. Defendants argue "Florida's litigation privilege applies to the state-law claims adjudicated in federal court." (Mot. 32 (quotation marks omitted; quoting *Jackson*, 372 F.3d at 1275)). True, but the Florida Supreme Court has held Florida's "litigation privilege does not bar the filing of a claim for malicious prosecution[.]" *Debrincat v. Fischer*, 217 So. 3d 68, 71 (Fla. 2017) (alteration added). While certainly not identical, malicious prosecution and the retaliatory filing of a lawsuit both involve "the misuse of legal machinery for an improper purpose." *Fischer v. Debrincat*, 169 So. 3d 1204, 1209 (Fla. 4th DCA 2015) (citation and quotation marks omitted), *approved*, 217 So. 3d 68 (Fla. 2017). The Court is thus unconvinced it can make a conclusive determination that the litigation privilege applies at this preliminary stage.

### C. Attorneys' Fees

Expecting to secure a dismissal of Plaintiffs' state claims for unpaid wages, Defendants request reasonable attorneys' fees and costs expended in litigating this case, under Florida Statute Section 448.08. (*See* Mot. 34 (alteration added)). The Court uses its discretion to decide matters of costs and attorney's fees at the conclusion of the case and after the resolution of any appeal, or motion for reconsideration, if one is filed. *See Belize Telecom, Ltd. v. Gov't of Belize*, 528 F.3d 1298, 1310 (11th Cir. 2008) ("[W]e leave for the district court to determine whether a stay or a hearing on costs and fees is appropriate, given the pending appeal . . . ." (alterations added)).

### IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendants, John Hasan Ruiz, La Ley Con John H. Ruiz, P.A., and 620 Arvida Holdings LLC's Joint Motion to Dismiss **[ECF No. 36]** is **DENIED in part** and **GRANTED in part**. Counts II, IV, and V are **DISMISSED** without prejudice. Count

III is **DISMISSED in part without prejudice**; it remains in place as to the FLSA allegations from January 1, 2021 to June 30, 2021.  Counts I, VI, and VII remain.  La Ley Con John H. Ruiz, P.A. is **DISMISSED** without prejudice.

**DONE AND ORDERED** in Miami, Florida, this 5th day of August, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record