UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-CV-22033-ALTONAGA/REID

MARYURIS NARANJO TOLOZA, *et al.*,

    Plaintiffs,

      vs.

JOHN HASAN RUIZ, *et al.*,

    Defendants.

_____/

**ORDER SUSTAINING DEFENDANTS' OBJECTIONS AND MOTION FOR
PROTECTIVE ORDER, IN PART, TO LIMIT THE SCOPE OF THE SUBPOENA
*DUCES TECUM* WITHOUT DEPOSITION SERVED ON MIAMI PAYROLL CENTER**

    Plaintiffs Maryuris Naranjo Toloza and Ingrid Johana Rincones Torres filed this action raising claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*, (FLSA), among other statutes, against Defendants John Hasan Ruiz and 620 Arvida Holdings LLC. Plaintiffs contend they were domestic workers employed by 620 Arvida Holdings to work in Defendant Ruiz' home and, with respect to Plaintiff Toloza, also Defendant Ruiz' father's home.

    The Undersigned held a hearing with the Parties on August 12, 2024, [ECF No. 60] on Defendants' John H. Ruiz and 620 Arvida Holdings, LLC ("Defendants") Objections to the Subpoena *Duces Tecum* Without Deposition (the "Subpoena"). [ECF No. 57]. The subpoena was served by Plaintiffs on Miami Payroll Center which handles payroll for employees of 620 Arvida Holdings, LLC. After carefully considering the record, the Subpoena, argument of counsel, and applicable law, Defendants' objections to the Subpoena are hereby sustained in part and request for a protective order is granted in part for the following reasons:

1

1.      The Subpoena seeks all documents that Miami Payroll Center may have pertaining to all employees or workers employed by 620 Arvida Holdings from 2021 through April 2024:

    a.  all documents, written, electronic, or otherwise relating to the identities of employees and/or workers for payroll purposes disclosed by 620 ARVIDA HOLDINGS LLC. for the years 2021 through to April 2024;

    b.  all documents, written, electronic, or otherwise relating to the identities of employees and/or workers for payroll purposes in conjunction with any and/or all time recording and/or attendance records disclosed by 620 ARVIDA HOLDINGS LLC. for the years 2021 through to April 2024;

    c.  all documents, written or otherwise, which contain the contact information of employees and/or workers for payroll purposes disclosed by 620 ARVIDA HOLDINGS LLC. for the years 2021 through to April 2024; and

    d.  all account opening documents, including any contracts and/or agreements between MIAMI PAYROLL CENTER and 620 Arvida Holdings LLC.

2.      Defendants assert that the Subpoena improperly seeks the employee records of all of 620 Arvida Holdings' employees from 2021 through April 2024 and, thereby, requests information that goes far beyond the permissible scope of discovery under Federal Rule of Civil Procedure 26.

3.      Plaintiffs proffer that the information requested is relevant or can lead to relevant evidence to the extent that Defendant 620 Arvida employed other workers, like Plaintiff Toloza, who contends she worked at Defendant Ruiz's father's home and to otherwise enable both Plaintiffs to identify other witnesses to support the amount of hours worked weekly and/or will likely show Defendant Ruiz's control over Defendant 620 Arvida's employees and his status as an employer covered by the Fair Labor Standards Act.

4.      Notwithstanding, Defendants do not oppose the Subpoena to the extent it requests the production of documents from Miami Payroll Center pertaining *solely* to the Plaintiffs,

Maryuris Naranjo Toloza and Ingrid Johana Rincones Torres.  Defendants otherwise object to the requests and seek a protective order.

5.      After reviewing the subpoena and hearing the argument of the parties, the Court finds that the Subpoena is overbroad and exceeds the permissible scope of discovery that is allowed under Federal Rule of Civil Procedure 26, as it seeks a wide range of documents of 620 Arvida Holdings' employees and the Court also finds that the subpoena is not proportional to the needs of this case. Unlike the plaintiff in *Aidone v. Nationwide*, 985 F. Supp. 2d 1346, 1349 (S. D. Fla. 2013), who sought information on similarly situated employees, here Plaintiffs are seeking *all* documents on *all* employees to find witnesses to support their claimed hours worked and *all* account opening documents including contracts and agreements ostensibly to show "Defendant Ruiz's control over Defendant 620 Arvida's employees and his status as an employer."

6.      Alternatively, however, Plaintiffs are entitled to a list of employees who worked for 620 Arvida Holdings LLC who worked in Defendant Ruiz' or his father's home during Plaintiffs' time of employment and the addresses and contact information of those employees. See *Ard v. Custom Tree Service, Inc.*, No. 3:07-cv-621-J-12JRK, 2008 WL 11433202 at * 3 (M.D. Fla. Jan. 8, 2008) ("[T]he names of employees that Plaintiff worked with would be relevant in determining who would be able to support Plaintiff's testimony regarding his work hours, arrival time and lunch hours, especially if Plaintiff cannot recall the names over a three-year period himself."). The request, however, as presented for all documents pertaining to all employees is overly burdensome and not proportional to the needs of the case.

7.      The Court hereby limits the Subpoena to responsive documents pertaining *to only* the Plaintiffs, Maryuris Naranjo Toloza and Ingrid Johana Rincones Torres. Miami Payroll Center shall respond to the Subpoena, as it relates to the documents they have in their possession regarding

Plaintiffs, Maryuris Naranjo Toloza and Ingrid Johana Rincones Torres. In addition, Miami Payroll Center shall provide a list of employees, and their addresses and contact information, who worked for 620 Arvida Holdings LLC in Defendant Ruiz's home or his father's home during the same period as Plaintiffs.

8.      Finally, contracts and agreements between Miami Payroll Center and 620 Arvida Holdings LLC may be relevant to determine "whether Defendant Ruiz controls 620 Arvida's employees or his status as an employer." Thus, Miami Payroll Center shall provide Plaintiffs with all contracts or agreements between Miami Payroll Center and 620 Arvida Holdings LLC relevant to the period of Plaintiffs' employment.

9.      To the extent set forth in this Order, Defendants' objections to the Subpoena are hereby **SUSTAINED in part**, and Defendants' *ore tenus* Motion for a Protective Order [ECF No. 61] is **GRANTED in part**.

**SIGNED** this 14th day of August, 2024.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:     **U.S. Chief District Judge Cecilia M. Altonaga**; and
        **All Counsel of Record**